```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

FAY M. HOLLIDAY,

                    Petitioner,      **No. 10-CV-0193(MAT)**
   -vs-                                     **DECISION AND ORDER**

PEOPLE OF THE STATE OF NEW YORK,

                    Respondent.

_____

**I.   Introduction**

By means of a habeas petition pursuant to 28 U.S.C. § 2254, <u>po se</u> petitioner Fay M. Holliday ("Holliday" or "Petitioner"), challenges the constitutionality of convictions, following his guilty plea, to one count of second degree robbery and two counts of sexual abuse.

**II.  Background**

After Petitioner pleaded guilty as charged to one count of second degree robbery (one count) and first degree sexual abuse (two counts), he was sentenced in June 2007 to a determinate term of imprisonment of fifteen years, followed by five years of post-release supervision for the robbery conviction, and concurrent determinate terms of imprisonment of seven years, followed by five years of post-release supervision for the sexual abuse convictions.

At the time he was sentenced, Holliday was was 65 years old. Under New York Penal Law, he becomes eligible for parole in 2019;

the Department of Correctional Services Inmate Locator website indicates that his conditional release date is October 23, 2019.[1] At that time, he will be 77 years old.

On appeal, Petitioner raised two issues: whether the appellate rights waiver encompassed his challenge to the severity of his sentence and whether the sentence was harsh and excessive. The Appellate Division summarily and unanimously affirmed the conviction. People v. Holliday, 57 A.D.3d 1477, 869 N.Y.S.2d 839 (App. Div. 4th Dept. 2008) (citing People v. Hidalgo, 91 N.Y.2d 733, 737 (N.Y. 1998) ("While defendant did not know her specific sentence at the time of the waiver, she did acknowledge the sentencing options the trial court could impose in its discretion. By waiving her right to appeal, defendant agreed to end this matter entirely at sentencing and to abide by the court's exercise of discretion in determining her sentence.").

This timely habeas petition followed in which Holliday attacks the length of his sentence as "unduly harsh and excessive". He argues that it essentially amounts to a "death sentence" given his age, and therefore violates the Eighth Amendment's proscription against cruel and unusual punishment.

For the reasons that follow, the petition is dismissed.

---

[1] See http://nysdocslookup.docs.state.ny.us/GCA00P00/WIQ3/WINQ130 (accessed July 6, 2011).

**III. Discussion of the Petition**

    **A.   Abuse of Discretion in Sentencing – Harsh and Excessive Sentence**

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). When Holliday appealed his sentence in the state courts, he urged the Appellate Division to exercise its discretionary authority to review factual questions and reduce the length of his sentence in the interests of justice.  Thus, Holliday's claims with respect to his sentence, based solely on state law, are not appropriate for federal habeas review.

The Second Circuit has held that no federal constitutional issue amenable to habeas review is presented where, as here, the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); Fielding v. LeFevre, 548 F.2d 1102, 1108 (2d Cir. 1977); Underwood v. Kelly, 692 F. Supp. 146 (E.D.N.Y.1988), aff'd, 875 F.2d 857 (2d Cir.), cert. denied, 493 U.S. 837 (1989). Here, Holliday's sentence was clearly within the range authorized for the crime committed. Accordingly, the Court finds that Holliday's claim that the court abused its discretion and imposed an excessive sentence fails to present a federal constitutional issue cognizable on habeas review. Accord, e.g., Peppard v. Fischer, 739 F. Supp.2d 303, 309 (W.D.N.Y. 2010) (collecting cases).

**B.     Violation of the Eighth Amendment**

    **1.     Exhaustion**

A petitioner must exhaust all available state remedies either on direct appeal or through a collateral attack of his conviction before he may seek a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). The exhaustion of state remedies requirement means that the petitioner must have presented his constitutional claim to the highest state court from which a decision can be obtained. Morgan v. Bennett, 204 F.3d 360, 369 (2d Cir. 2000) (citing Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991)). A claim is properly exhausted when the state court is fairly apprised of the claim's federal nature and of the factual and legal premises underlying the claim. Grey, 933 F.2d at 119–20.

    The Court finds Holliday's Eighth Amendment claim unexhausted because the constitutional nature of the claim was not "fairly presented" to the state courts on direct appeal. Holliday's Appellate Division brief presented his excessive sentence claim in terms of state law, invoking the power of a state appellate court to reduce sentences in the interest of justice under C.P.L. § 470.15(6)(b). Courts in this district have found that a prisoner's reliance on a state procedural law granting courts discretionary authority to reduce sentences does not "fairly present" his or her constitutional claim in state court. Accord,

Bester v. Conway, 06-CV-0511(VEB), __ F. Supp.2d __, 2011 WL 1518696, at *8 (W.D.N.Y. Apr. 21, 2011) (citing King v. Cunningham, 442 F. Supp.2d 171, 181 (S.D.N.Y. 2006) (citations omitted)). Because Holliday could return to state court and file a motion pursuant to C.P.L. § 440.20 to set aside the sentence on the ground that it is unconstitutional, his Eighth Amendment claim remains unexhausted.

Holliday's failure to exhaust the Eighth Amendment claim is not fatal to this Court's disposition of his application on the merits. Because the Court finds claim to be wholly meritless, it has the discretion to dismiss the petition notwithstanding Holliday's failure to exhaust. See 28 U.S.C. § 2254(b)(2); Pratt v. Greiner, 306 F.3d 1190, 1197 (2d Cir. 2002).

### 2. Merits of the Claim

Holliday argues that his determinate sentence of fifteen years is cruel and unusual because of his age and the fact that he suffers from a constellation of debilitating illnesses. Holliday argues that because he will not be eligible for conditional release to parole until he is 77 years old, he effectively has been sentenced to death.

The Supreme Court has articulated a principle of "gross disproportionality" for measuring whether a prisoner's sentence violates the Eighth Amendment proscription against "cruel and unusual punishment." E.g., Harmelin v. Michigan, 501 U.S. 957

(1991) (holding that imposition of mandatory sentence of life in prison without possibility of parole, for possessing 650 grams of cocaine, without any consideration of mitigating factors, such as fact that petitioner had no prior felony convictions, did not constitute cruel and unusual punishment).

The "gross disproportionality" principle finds sentences disproportionate to their crimes "only in the exceedingly rare and extreme case" and is reserved "for only the extraordinary case." Lockyer v. Andrade, 538 U.S. 63, 73-77 (2003) (internal quotation marks and citation omitted). See also United States v. Gonzalez, 922 F.2d 1044, 1053 (2d Cir. 1991) ("[T]he legislature's line drawing-when it fixes terms for imprisonment-is primary and presumptively valid."); Bellavia v. Fogg, 613 F.2d 369, 373-74 (2d Cir. 1979) (same).

The Second Circuit commented, after reviewing the Supreme Court's case law on the Eighth Amendment's proportionality requirement, "It might be safely said that when the offense causes less revulsion than the punishment imposed for its commission, . . . then grossly disproportionate punishment has been inflicted in violation of the Eighth Amendment." United States v. Gonzalez, 922 F.2d at 1053. This is by no means such a case.

In Engle v. United States, No. 00-6659, 22 Fed. Appx. 394, 2001 WL 1356205, (6th Cir. Oct. 25, 2001), the defendant sought reduction in his sentence because a recurrence of his cancer

drastically shortened his life expectancy. The Sixth Circuit held that Engle's continued incarceration did not violate the Eighth Amendment for, "[a]lthough the incarceration of a terminally ill prisoner may be 'cruel,' it is not 'unusual.'" Id., 22 Fed. Appx. at 396, 2001 WL 1356205, at **2) (citing Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991) ("Severe, mandatory penalties may be cruel, but they are not unusual in the constitutional sense, having been employed invarious forms throughout our Nation's history.").

Because the Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases, id. at 995, the Sixth Circuit in Engle did not deem it to require consideration of mitigating factors mid-sentence. Engle, 22 Fed. Appx. at 396, 2001 WL 1356205, at **2. As the Sixth Circuit explained, the Supreme Court's precedent is clear that "[i]ndividualized sentencing is not mandated by the Eighth Amendment in non-capital cases even where a term sentence effectively becomes a life sentence due to the personal characteristics of a defendant." Id. (citing Harmelin, 501 U.S. at 996 ("In some cases, . . . , there will be negligible difference between life without parole and other sentences of imprisonment—for example, a life sentence with eligibility for parole after 20 years, or even a lengthy term sentence without eligibility for parole, given to a 65-year-old man. But even where the difference is the greatest, it cannot be compared with death. We have drawn the line of required

individualized sentencing at capital cases, and see no basis for extending it further.").

In Allen v. Ornoski, 435 F.3d 946 (9th Cir. 2006), the Ninth Circuit rejected a capital habeas petitioner's claim that executing him would be cruel and unusual because of his age and the fact that he suffered from a long list of infirmities, including blindness, hearing problems, advanced Type-2 diabetes, complications from a stroke, heart disease, and complications from a recent heart attack which left him confined to a wheelchair. Id. at 950 n.6. The circuit noted that Allen's petition "display[ed] a woeful lack of support for the proposition that the Eighth Amendment prohibits execution of the elderly and the infirm" and, after independently reviewing the case law, it found "no support" for Allen's proposition in the decisions of the Ninth Circuit, that of its sister circuits, or of the Supreme Court. Allen, 435 F.3d at 951, 954.

In light of these precedents, the Court concludes that Holliday's case does not present one of those rare and extreme cases in which the Supreme Court contemplated intervention by a reviewing court into a state's sentencing decisions. Accordingly, I reject petitioner's claim that his sentence violated the Eighth Amendment. See Gonzalez, 922 F.2d at 1053; Engle, 26 Fed. Appx. at 397, 2001 WL 1356205, at **2; cf. Allen, 435 F.3d at 954.

**IV. Conclusion**

For the reasons stated above, Fay M. Holliday's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the Petition is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal in forma pauperis.

**SO ORDERED.**

S/Michael A. Telesca

_____

MICHAEL A. TELESCA
United States District Judge

DATED:   July 7, 2011
         Rochester, New York